# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSE PAZ DURAN,

    Petitioner,

v.                                                No. 1:26-cv-1201-SMD-LF

FNU LNU, Warden, Torrance County Detention Facility,

    Respondent.

## ORDER DIRECTING AMENDMENT

Before the Court is Petitioner's Letter-Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. 1).   Petitioner is proceeding *pro se* and is detained at the Torrance County Detention Center.   He brings claims regarding, *inter alia*, mailing issues at the facility, lack of library access, and lack of access to legal resources.   (Doc. 1) at 1-5.   He asks the Court to release him with an ankle monitor so he can pursue his claims outside of detention.   *Id.* at 5.

On this record, the Court cannot adequately evaluate Petitioner's claims under Habeas Rules 1 and 4 to determine whether the Government should file an answer.   While Petitioner references his A-Number and a pending petition for asylum, he only raises conditions of confinement claims.   Generally, claims related to conditions of confinement are properly raised in a civil rights action, not a habeas corpus petition.   The basic purpose of a § 2241 habeas proceeding is to permit a person in custody to attack the legality of custody, and the "traditional function of the writ is to secure release from illegal custody."   *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).   Therefore, a challenge to "the fact or duration of" confinement must be brought through a habeas

corpus petition, while a challenge to the conditions of confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Hamilton v. Bird*, 650 Fed. App'x 585, 588 (10th Cir. 2016) (litigants generally may not assert habeas corpus claims and civil rights claims in the same action); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (a petition for writ of habeas corpus is only available to challenge the duration of confinement, not the conditions of confinement).

The Clerk's Office mailed Petitioner a form § 2241 petition and application to proceed *in forma pauperis* on April 17, 2026. Petitioner shall return the completed § 2241 petition, or a different complaint form if he does not seek habeas relief under § 2241, within twenty-one days of entry of this Order. Petitioner should include details about what relief he seeks, including what process he has received in Immigration Court if he seeks relief relating to his immigration detention. Petitioner may attach any orders or documents from the Immigration Court, which are helpful in resolving § 2241 claims. The failure to timely file a petition stating what claims Petitioner is pursuing may result in dismissal of this mixed pleading without prejudice to filing individual cases raising either habeas or civil rights claims.

**IT IS THEREFORE ORDERED** that **within twenty-one (21) days** of entry of this Order, Petitioner must file an amended Section 2241 petition and application to proceed *in forma pauperis*, as set forth above.

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE

2