**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE ENRIQUE PAZ DURAN,

*Petitioner*,

v. No. 1:26-cv-01201-SMD-LF

RAY CARNES,[1] *et al*.,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 7. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Jose Enriquez Paz Duran, a citizen of Venezuela, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Torrance County Detention Facility in New Mexico. Doc. 10 at 4. Petitioner has been detained since December 16, 2025. Doc. 10-1 at 4.

On April 27, 2023, United States Border Patrol apprehended Petitioner near El Paso, Texas, for being present in the United States without inspection. *Id.* at 2. Petitioner was served a Notice to Appear and subsequently released on an order of recognizance. *Id.* On April 2, 2025, USCIS terminated Petitioner's Temporary Protected Status. *Id.* Petitioner has a pending asylum application and approved employment authorization. *Id.*

[1] Pursuant to Federal Rule of Civil Procedure 25(d), an action does not abate when a public officer who is a party in official capacity resigns or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party, and any misnomer not affecting the parties' substantial rights must be disregarded. While the court may order substitution at any time, the absence of such an order does not affect the substitution.

Petitioner has a pending criminal charge for property theft. *Id.* The record reflects a charge dated December 12, 2025, associated with the South Lake Police Department. *Id.*

On April 7, 2026, an immigration judge denied Petitioner's application for asylum, withholding of removal under the Convention Against Torture ("CAT"), and deferral of removal under CAT. *See* Doc. 10-2. Petitioner appealed that decision, and the appeal remains pending before the BIA. Doc. 10 at 2. The BIA's automated case information reflects that both parties missed the filing deadlines.[2]

Respondents do not object to a bond hearing but oppose Petitioner's immediate release. *See id.* at 2–3.

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

**I. Statutory Framework: 8 U.S.C. §§ 1225 and 1226**

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

[2] EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 5, 2026).

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *Id.* at 306.

The Tenth Circuit endorsed this Court's historic understanding of §§ 1225 and 1226, and that of the vast majority of district courts in this circuit, in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.*

The Government recognizes that *Santillan Quiroz* is the controlling law in the Tenth Circuit. Doc. 10 at 2–3. Consequently, § 1226(a) governs Petitioner's detention. The parties do not dispute that Petitioner was arrested in the United States interior following his 2023 release on his own recognizance. *See* Doc. 10-1 at 4. The parties also do not dispute that his removal order has not become administratively final, despite missed briefing deadlines. Doc. 10 at 3. Furthermore, because Petitioner faces a pending charge for property theft rather than a conviction, he does not fall within the scope of the mandatory detention provision for criminal or controlled substance offenses under § 1226(c).

## II. The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459

U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and Respondents have deprived him of that interest without constitutionally adequate process.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." Reno v. Flores, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santilla Quiroz*, 180 F.4th at 1249 (citation omitted). Here, the Government has offered neither justification nor process for the deprivation of Petitioner's protected liberty interest. The Government has therefore

violated Petitioner's Fifth Amendment rights, and he is entitled to habeas relief. *Cf. Cirrus Rojas v. Olson*, No. 25 3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026).

Considering Petitioner's prolonged detention, the Court finds that due process requires his immediate release. Respondents remain free to subject Petitioner to appropriate release conditions and to continue ongoing removal proceedings. Should Petitioner's removal order become administratively final, Respondents may take appropriate action at that time in accordance with the constitutional safeguards.

## CONCLUSION

It is hereby **ORDERED**:

1) The Amended Petition for Writ of Habeas Corpus (Doc. 7) is **GRANTED**;
2) Respondents shall release Petitioner within **48 hours** of this Order being entered;
3) Respondents shall facilitate Petitioner's transportation from the detention facility, by providing all necessary identity and travel documents to return him to his primary address;
4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;
5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**